UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12111-RWZ

ELDORADO CANYON PROPERTIES, LLC

v.

GMAC MORTGAGE, LLC
and GMAC MORTGAGE CORPORATION

ORDER
April 30, 2012

ZOBEL, D.J.

Eldorado Canyon Properties, LLC, the assignee of a junior mortgage, seeks declaratory judgment that the foreclosure sale of property at 83-85 Whitney Street in Northborough, Massachusetts, by the assignee of the first mortgage, GMAC Mortgage, LLC ("LLC") is, for various reasons, invalid. The complaint is in four counts; the first two attack the validity of assignments to LLC and its predecessor in interest GMAC Mortgage Corporation ("Corporation"), and the latter two focus on the conduct of the sale itself which plaintiff alleges violated Mass. Gen. Laws c. 244 § 14 and was commercially unreasonable. Plaintiff has moved for judgment on the pleadings (Docket # 19) which defendants oppose and counter with a motion to dismiss as to Counts I, II, and III (Docket # 20).

The plaintiff's motion is denied as to Counts I and II because plaintiff as a junior lienor has no standing to challenge the validity of mortgage assignments to which it

was not a party. Peterson v. GMAC Mortg., LLC, No. 11–11115–RWZ, 2011 WL 5075613, at *2 (D. Mass. Oct. 25, 2011); Juarez v. U.S. Bank Nat'l Ass'n, No. 11–10318–DJC, 2011 WL 5330465, at *4 (D. Mass. Nov. 4, 2011); Wenzel v. Sand Canyon Corp., No. 11–30211–JCB, 2012 WL 219371, at *11 (D. Mass. Jan. 5, 2012); Oum v. Wells Fargo, N.A., Nos. 11–11663–RGS, 11–11683–RGS, 2012 WL 390271, at * (D. Mass. Feb. 8, 2012); McBride v. Am. Home Mortg. Servicing Inc., CIV.A. 11-10998-RWZ, 2012 WL 931247, at *3 (D. Mass. Mar. 19, 2012). It is denied as to Counts III and IV because resolution of those counts depends upon resolution of facts which are in dispute.

As to defendants' motion to dismiss, plaintiff correctly points out that it is late in that it was not filed before the responsive pleading. Fed. R. Civ. P. 12(b)(6).  However, a party may move under Rule 12(c) after the pleadings are closed; I will therefore treat defendants' cross-motion as one for judgment on the pleadings. See e.g., Monell v. Best Pers. Sys., Inc., 127 F. Supp. 2d 48, 50 (D.P.R. 2000).  In that guise it is allowed as to Counts I and II only and for the same reason plaintiff's motion was denied.   It is denied as to Count III because there exist disputed issues of fact.

In summary, plaintiff's motion (Docket # 19) is denied.  Defendants' Motion (Docket #20) is allowed as to Counts I and II and denied as to Count III.


   April 30, 2012                              /s/Rya W. Zobel

DATE                                                                RYA W. ZOBEL
                                                        UNITED STATES DISTRICT JUDGE